**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Larry Darnell Crayton,<br><br>Plaintiff,<br><br>v.<br><br>The Boeing Company, et al.,<br><br>Defendants. | Case No. 26-cv-1013-AJP-GEB |

**ORDER**

This matter is before the Court on pro se Plaintiff Larry Darnell Crayton's Motion to Proceed *in forma pauperis* ("IFP Motion") **(ECF No. 3, *sealed*)**; Motion to Amend Complaint to Remove Judicial Defendants **(ECF No. 13)**; Amended Motion for Leave to File Third Amended Complaint **(ECF No. 14)**; Motion for Appointment of Counsel **(ECF No. 15)**; and Motion for Ruling on Pending Motions **(ECF No. 18)**. The Court discusses and rules on each Motion below.

## I. IFP Motion (ECF No. 3, *sealed*)

Under 28 U.S.C. § 1915(a)(1), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security thereof."[1] "Proceeding *in forma pauperis* in a civil case 'is

[1] *See also Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

a privilege, not a right—fundamental or otherwise.'"[2] However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[3]

When determining whether a party is eligible to file without prepayment of fees, the court reviews a party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[4] Here, Plaintiff filed a short form financial affidavit (ECF No. 3-1, *sealed*) in support of his IFP Motion. After a careful review of the same, the Court is unable to discern whether Plaintiff's monthly expenses exceed his monthly income, and therefore cannot conclude, on the information before it, whether Plaintiff is financially unable to pay the filing fee. For example, in addition to receiving $2,200 in monthly gross pay or wages, Plaintiff also checked boxes indicating he receives income from "Rent payments, interest, or dividends" and "Disability, or worker's compensation payments," but does not list the monetary amounts received from those sources (*Id.* at 1). Also, Plaintiff lists three people as being dependent on him for support, but the Court cannot tell if Plaintiff contributes $500 a month in support for all three or $500 a month for each person (*Id.* at 2).

[2] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

In light of this, the Court will provide Plaintiff an opportunity to clarify his financial situation by filing an amended financial affidavit on or before **October 2, 2026**. The Court recommends Plaintiff use the more detailed financial affidavit form, which can be found at https://www.ksd.uscourts.gov/sites/ksd/files/Affidavit-Of-Financial-Status.pdf.

Accordingly, the Court **denies Plaintiff's IFP Motion without prejudice to refiling**. Failure to refile an IFP Motion with an amended financial affidavit by **October 2, 2026** could result in the undersigned recommending dismissal of Plaintiff's case. In lieu of refiling an IFP Motion, Plaintiff may opt to pay the filing fee if he is financially able.

**II. Motions for Leave to File Amended Complaints (ECF Nos. 13 and 14)**

On January 20, 2026, Plaintiff filed his original Complaint against Defendants The Boeing Company and Bank of America, N.A. (ECF No. 1). On April 21, 2026, Plaintiff filed a "Second Amended Complaint" against these same Defendants (ECF No. 11). On April 24, 2026, without leave of court, Plaintiff filed a "First Amended Complaint" against these same Defendants, but added the undersigned and District Judge Holly L. Teeter as Defendants (ECF No. 12). On May 7, 2026, however, Plaintiff filed a Motion to Amend Complaint to Remove Judicial Defendants (ECF No. 13). Plaintiff attached a proposed "Third Amended Complaint" to this Motion naming only Boeing and Bank of America as Defendants (ECF No. 13-1).

On May 21, 2026, Plaintiff filed an Amended Motion for Leave to File Third Amended Complaint (ECF No. 14). Plaintiff states this Amended Motion "supersedes and replaces Plaintiff's Motion to Amend Complaint to Remove Judicial Defendants (Doc. 13), filed May 7, 2026, in its entirety," and is being filed to make corrections to his proposed

Third Amended Complaint to be in compliance with the Court's previous March 31, 2026 Order that the Crayton Administrative Trust is not a party to this case (ECF No. 14 at 1-3). Plaintiff attached a corrected version of his proposed Third Amended Complaint to the Amended Motion at ECF No. 14-1.

On July 20, 2026, Plaintiff filed a Supplement to the Amended Motion seeking to file another corrected version of his proposed Third Amended Complaint (ECF No. 17). In this Supplement, Plaintiff states he "obtained and reviewed primary source documents" which show he made several incorrect factual allegations in his proposed Third Amended Complaint, and also states he wishes to withdraw several legal claims (*Id.* at 1-3). Plaintiff attached a proposed "Corrected Third Amended Complaint" against Defendants Boeing and Bank of America to the Supplement at ECF No. 17-1.

On August 27, 2026, Plaintiff filed a Status Inquiry and Request for Ruling on Pending Motions (ECF No. 18) wherein he clarifies and confirms that he "seeks no further amendment and stands on the Corrected Third Amended Complaint as his final pleading for screening." (*Id.* at 1-2).

In light of the foregoing, the Court **finds Plaintiff's Motion to Amend Complaint to Remove Judicial Defendants (ECF No. 13) moot and grants Plaintiff's Amended Motion for Leave to File Third Amended Complaint (ECF No. 14).** The proposed "Corrected Third Amended Complaint" at ECF No. 17-1 will become the operative pleading in this case going forward. Plaintiff is advised that **no further amendments** to this complaint will be allowed at this time, and any request for the same will be denied without prejudice.

**III. Motion for Appointment of Counsel (ECF No. 15)**

On June 10, 2026, Plaintiff filed a Motion for Appointment of Counsel (ECF. No. 15). The Court finds a request for counsel premature at this stage of the litigation and therefore **denies the Motion without prejudice**.

As discussed above, Plaintiff has filed an IFP Motion. When seeking leave to proceed IFP, the Court is required to not only analyze whether allowing Plaintiff to proceed without prepayment of fees is proper, but also is required to screen Plaintiff's case under 28 U.S.C. § 1915(e)(2)(B) to ensure it: (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief from a defendant who is immune from suit. Here, the Court has denied Plaintiff's IFP Motion without prejudice to refiling by October 2, 2026. Should Plaintiff refile his IFP Motion and the case remain pending after the Court's screening, Plaintiff may re-file his Motion for Appointment of Counsel.

**IV. Motion for Ruling on Pending Motions (ECF No. 18)**

On August 27, 2026, Plaintiff filed a Status Inquiry and Request for Ruling on Pending Motions (ECF No. 18) wherein Plaintiff clarified his intent to make the proposed "Corrected Third Amended Complaint" the operative pleading and asked the Court to rule on his pending motions. The Court has done so in this Order and thus finds Plaintiff's Motion at ECF No. 18 **moot.**

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Proceed *in forma pauperis* **(ECF No. 3, *sealed*)** is **DENIED without prejudice to refiling**. As discussed above, Plaintiff shall have until **October 2, 2026**, to refile an IFP Motion with an amended

financial affidavit. Failure to timely refile an IFP Motion with an amended financial affidavit could result in the undersigned recommending dismissal of Plaintiff's case. In lieu of refiling an IFP Motion, Plaintiff may opt to pay the filing fee if he is financially able.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Amend Complaint to Remove Judicial Defendants **(ECF No. 13)** is **MOOT.** Plaintiff's Amended Motion for Leave to File Third Amended Complaint **(ECF No. 14)** is **GRANTED**. The Court directs the Clerk's Office to file the "Corrected Third Amended Complaint" at ECF No. 17-1 on the docket and correct the case caption accordingly. Plaintiff is advised that no further amendments to this complaint will be allowed at this time, and any request for the same will be denied without prejudice.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Appointment of Counsel **(ECF. No. 15)** is **DENIED without prejudice to refiling.** Should Plaintiff refile his IFP Motion and the case remain pending after the Court's screening, Plaintiff may re-file his Motion for Appointment of Counsel.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Ruling on Pending Motions **(ECF. No. 18)** is **MOOT.**

**IT IS SO ORDERED.**

Dated September 10, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge